1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2   Including Professional Corporations
   EDWARD D. VOGEL, Cal. Bar No. 110081
3  evogel@sheppardmullin.com
   MARK G. RACKERS, Cal. Bar No. 254242
4  mrackers@sheppardmullin.com
   501 West Broadway, 19th Floor
5  San Diego, California 92101-3598
   Telephone:  619.338.6500
6  Facsimile:   619.234.3815

7  Attorneys for Defendants
   WELLS FARGO BANK, N.A. (sued
8  individually and as WELLS FARGO
   HOME MORTGAGE) and BANK OF
9  AMERICA, N.A.

10

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  SEAN M.  PARK and MICHELLE PARK, | Case No. 14-cv-3036-AJB-BLM |
| 15                    Plaintiffs, | **DEFENDANTS WELLS FARGO BANK'S AND BANK OF AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM [Fed.  R.  Civ. P. 12(b)(6)]** |
| 16          v. | |
| 17  BANK OF AMERICA, N.A., WELLS FARGO BANK, N.A., WELLS | |
| 18  FARGO HOME MORTGAGE; FIRST AMERICAN TRUSTEE SERVICING | |
| 19  SOLUTIONS, LLC, fka, FIRST AMERICAN LOANSTAR TRUSTEE | The Hon. Anthony J. Battaglia |
| 20  SERVICES; and DOES 1-100, | Date:     March 26, 2015 |
| 21                  Defendants. | Time:     2:00 p.m. Dept:     3B |
| 22 | |
| 23 | [Complaint Filed: November 18. 2014] |

24

25

26

27

28

                                                    14cv3036

# *TABLE OF CONTENTS*

*Page*

I.      INTRODUCTION AND BACKGROUND ......................................................... 1

II.     LEGAL STANDARD ............................................................................................ 3

III.    PLAINTIFFS' CLAIMS ARE BARRED BY *RES JUDICATA* AND/OR COLLATERAL ESTOPPEL ............................................................ 3

IV.     PLAINTIFFS' SECURITIZATION CLAIMS FAIL ...................................... 7

V.      PLAINTIFFS' SPA AND HAMP CLAIMS FAIL............................................ 9

VI.     EACH OF PLAINTIFFS' CLAIMS FAILS AS A MATTER OF LAW ....... 10

     A.      Plaintiffs' Quiet Title, Wrongful Foreclosure and Cancellation of Instruments Claims Fail. ........................................................ 10

     B.      Plaintiffs' Fraud Claims Fail.................................................... 13

     C.      Plaintiffs' Promissory Estoppel and Breach of Contract Claims Fail......................................................................................... 14

     D.      Plaintiffs' Negligence Claims Fail......................................... 15

     E.      Plaintiffs' HBOR Claims Fail. ............................................... 17

     F.      Plaintiffs' Business & Professions Code Section 17200 Claim Fails......................................................................................... 17

VII.    CONCLUSION ............................................................................... 18

1

2

<u>TABLE OF AUTHORITIES</u>

Page(s)

3

<u>Cases</u>

4

*Aguilar v. Bocci*
    39 Cal. App. 3d 475 (1974) ..................................................................... 12

*Aquino v. California Reconveyance Company*
    2014 WL 5494446 (N.D. Cal. Oct. 30, 2014) ............................................ 5

*Arnolds Mgmt. Corp. v. Eischen*
    158 Cal. App. 3d 575 (1984) ................................................................... 13

*Ashcroft v. Iqbal*
    129 S.Ct. 1937 (2009) .............................................................................. 3

*Bell Atlantic Corp. v. Twombly*
    127 S. Ct. 1955 (2007) .............................................................................. 3

*Campos-Riedel v. JP Morgan Chase*
    2013 WL 6070432 (E.D. Cal. Nov. 13, 2013) ........................................... 5

*Castillo v. Bank of Am., N.A.*
    2012 U.S. Dist. LEXIS 145487 (S.D. Cal. Oct. 9, 2012).................................. 9, 16

*Castle v. Mortgage Electronic Registration Systems, Inc.*
    2011 WL 3626560 (C.D. Cal. Aug. 16, 2011) ........................................... 5

*Dodd v. Hood River County*
    59 F.3d 852 (9th Cir. 1995) ...................................................................... 4

*Drawsans v. F.F. Props., L.L.P.*
    866 F.Supp.2d 1110 (N.D. Cal. 2011) .................................................... 11

*Escobedo v. Countrywide Home Loans, Inc.*
    2009 WL 4981618 (S.D. Cal. Dec. 15, 2009)........................................... 10

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*
    544 U.S. 280 (2005).................................................................................. 11

*First Pac. Bancorp, Inc. v. Heifer*
    224 F.3d 1117 (9th Cir. 2000) ................................................................... 5

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

*Gaffney v. Downey Savings & Loan Assn.*
   200 Cal. App. 3d 1154 (1988)..................................................................... 13

*Glaski v. Bank of America, N.A.*
   218 Cal. App. 4th 1079 (2013) .............................................................. 8, 11

*Haddad v. Bank of America*
   2014 U.S. Dist. LEXIS 2205 (S.D. Cal. Jan. 8, 2014) [Hayes] ............................. 8

*Ingels v. Westwood One Broadcasting Services, Inc.*
   129 Cal. App. 4th 1050 (2005) ................................................................ 17

*Jenkins v. JP Morgan Chase Bank, N.A.*
   216 Cal. App. 4th 497 (2013)................................................................ 8, 9

*Keshtgar v. U.S. Bank, N.A.*
   226 Cal. App. 4th 1201 (Cal. Ct. App., June 9, 2014)....................................... 9

*Lea v. Republic Airlines, Inc.*
   903 F.2d 624 (9th Cir. 1990) ................................................................. 3

*Littlejohn v. United States*
   321 F.3d 915 (2003)........................................................................... 5

*Lucero v. Countrywide Bank N.A.*
   2010 WL 1880649 (S.D. Cal., May 10, 2010) ................................................ 10

*Lueras v. BAC Home Loans Servicing, LP*
   221 Cal. App. 4th 49 (2013) ................................................................ 16

*Mabry v. Superior Court*
   185 Cal. App. 4th 208 (2010) ............................................................... 12

*Malkoskie v. Option One Mortg. Corp.*
   188 Cal. App. 4th 968 (2010)................................................................. 5

*Mcgough v. Wells Fargo Bank, N.A.*
   2012 WL 5199411 (N.D. Cal. 2012)........................................................... 17

*Mendoza v. JPMorgan Chase Bank, N.A.*
   228 Cal. App. 4th 1020 (Cal. Ct. App., July 22, 2014) ...................................... 9

*Moran v. GMAC Mortg., LLC*
   2014 WL 2768871 (N.D. Cal. June 18, 2014) ................................................ 17

-iii-

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001) ........................................................................ 3

*Newman v. Bank of New York Mellon*
    2013 WL 5603316 (E.D. Cal. Oct. 11, 2013) ................................... 8, 11, 16

*Nordhorn v. Ladish Co.*
    9 F.3d 1402 (9th Cir. 1993) .......................................................................... 3

*Nymark v. Heart Federal Savs. & Loan Ass'n.*
    231 Cal. App. 3d 1089 (1991) ..................................................................... 16

*Pfeifer v. Countrywide Home Loans, Inc.*
    211 Cal. App. 4th 1250 (2012) ................................................................ 9, 16

*Reusser v. Wachovia Bank, N.A.*
    2006 WL 2334844 (D. Or. Aug. 10, 2006) ................................................ 11

*Ricon v. Recontrust Co.*
    2009 WL 2407396 (S.D. Cal. Aug. 4, 2009) .............................................. 12

*Rivac v. Ndex W. LLC*
    2013 WL 66627662 (N.D. Cal. Dec. 17, 2013) ........................................... 8

*Rivet v. Regions Bank*
    522 U.S. 470 (1998) ...................................................................................... 3

*Saunders v. Superior Court*
    27 Cal. App. 4th 832 (1994) ........................................................................ 17

*Siegel v. Federal Home Loan Mortg. Corp.*
    143 F.3d 525 (9th Cir. 1998) ........................................................................ 5

*Simmons v. Countrywide Home Loans, Inc.*
    2010 WL 2635220 (S.D. Cal., June 29, 2010) [Houston] ........................ 10

*Springs v. First Nat'l Bank*
    835 F.2d 1293 (9th Cir. 1988) ...................................................................... 5

*Stewart v. US Bancorp*
    297 F. 3d 953 (9th Cir. 2002) ....................................................................... 4

*Trevino v. Gates*
    99 F.3d 911 (9th Cir. 1996) .......................................................................... 4

SMRH:435811640.1

*Turtle Island Restoration Network v. U.S. Dep't of State*
    673 F.3d 914 (9th Cir. 2012) .................................................................. 3, 5

*United States Cold Storage of California v. Great Western Savings And Loan Assoc.*
    165 Cal. App. 3d 1214 (1985) ................................................................. 12

*Villa v. Wells Fargo Bank, N.A.*
    2010 WL 935680 (S.D. Cal., Mar. 15, 2010) ......................................... 10

*Western Aggregates, Inc. v. County of Yuba*
    101 Cal. App. 4th 278 (2002) ................................................................. 11

*Yarpezeshkan v. Bank of Am., N.A.*
    2014 WL 3002410 (S.D. Cal. July 2, 2014) [Miller] ........................... 8, 16

*Yvanova v. New Century Mortg. Corp.*
    226 Cal. App. 4th 495 (2014) ................................................................... 9

<u>Statutes</u>

15 U.S.C. § 77 .................................................................................................. 7

Cal. Bus. & Prof. Code § 17208 ................................................................... 17

Cal. Civ. Code § 2923.5 ............................................................................. 6, 12

Cal. Bus. & Prof. Code ¶ 17200 ..................................................................... 6

Civ. Code §§ 1486, 1493-95 ......................................................................... 13

Civ. Code § 2924 .......................................................................................... 10

Code Civ. Proc. § 337 ................................................................................... 14

Code Civ. Proc. § 338 ................................................................................... 13

Code Civ. Proc. § 339 ................................................................................... 14

Code Civ. Proc. §§ 762.010 .......................................................................... 12

<u>Other Authorities</u>

Fed. R. Civ. P. 12(b)(6) ......................................................................... 1, 3, 4

Fed.R.Civ. P. 41(b) ......................................................................................... 4

Rule 8......................................................................................................................3

Defendants Wells Fargo Bank, N.A., sued individually and as Wells Fargo Home Mortgage ("Wells Fargo"), and Bank of America, N.A. (collectively, "Defendants") submit the following memorandum of points and authorities in support of their motion to dismiss Plaintiffs Sean M. Park's and Michelle Park's ("Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

# I.

## INTRODUCTION AND BACKGROUND

This case is Plaintiffs' second action against the same defendants, challenging the same foreclosure of the same real property located in La Mesa, California.  On February 24, 2012, the Hon. Larry A. Burns dismissed Plaintiffs' prior action with prejudice.[1]  Bank of America later prevailed in its unlawful detainer action against Plaintiffs.  Accordingly, Plaintiffs' claims are barred by *res judicata* and/or collateral estoppel and the Court should dismiss this latest action with prejudice.

Plaintiffs again allege that in or about November 2005, they obtained a loan in the principal amount of $699,300 from Wells Fargo (the "Loan").  *See* Complaint ¶ 32, Exhs. B, C; *see also* ECF 23-3.[2]  The Loan was secured by a Deed of Trust on real property located at 8011 Prospect Way, La Mesa, California 91941 (the "Property").  *Id.*; ECF 23-3.  Plaintiffs stopped making the payments due on the Loan beginning in July 2009 and, as a result, foreclosure proceedings were commenced.  *See* ECF 23-4 (Notice of Default).  When the parties agreed to a forbearance plan, the trustee's sale was postponed.  *See* Complaint ¶ 168; ECF 75-2. In June 2010, however, Plaintiffs stopped making their payments again and soon after filed their first complaint (the "Prior Action").  Plaintiffs' Prior Action – which

---

[1]  *See* Case No. 10-cv-1737-LAB-WMC, ECF No. 94.  In fact, Plaintiffs are serial filers who have filed at least six nearly identical lawsuits in front of five different District Court judges (*see* Case Nos.  10-cv-1546-WQH–WMC, 10-cv-1547-WQH-RBB, 10-cv-01548-MMA–AJB, 10-cv-01739-H-POR; 10-cv-2408-DMS), as well as a number of cases in state court.

[2]  All references to "ECF" or "SAC" refer to the prior action, Case No. 10-cv-1737-LAB-WMC.

included a sprawling 285-page, 475-paragraph second amended complaint (the "SAC," ECF 75) – challenged the foreclosure sale of the Property based on alleged violations of federal statutes and state foreclosure laws.

On March 30, 2011, the Property was sold at a properly noticed trustee's sale. *See* Complaint ¶ 207; SAC, Exhs. IV, V.  In September 2011, Bank of America prevailed in an unlawful detainer ("UD") jury trial and  Plaintiffs' appeal of that ruling was dismissed.   *See* Request for Judicial Notice ("RJN"), Exhs. A, B.  Plaintiffs were later evicted from the Property.  On February 24, 2012, the Court dismissed Plaintiffs' Prior Action with prejudice.  ECF No. 94.

Almost three years later, Plaintiffs filed the instant action in state court, again challenging the 2011 foreclosure sale.  While Plaintiffs repeat many of their prior claims, they also update their securitization theory and allege violations of California's 2013 Homeowner Bill of Rights ("HBOR").  As this is the second lawsuit Plaintiffs have filed in this Court arising from the same loan and foreclosure, however, their Complaint is barred by *res judicata* and/or collateral estoppel.  While Plaintiffs are alleging some new theories of liability, their complaint is based on the same underlying facts and reasserts the same claim – that the foreclosure sale was unlawful.  That claim has already been litigated and Plaintiffs lost.

Plaintiffs' latest theories also fail.  Not only has their securitization theory been roundly rejected by courts throughout the state, HBOR was not in effect in 2011 when Plaintiffs' Property was sold and its protections are not retroactive.  Plaintiffs' claims are also time-barred and insufficiently pled.  The flaws in Plaintiffs' claims cannot be cured by amendment.  This lawsuit, like all of Plaintiffs' lawsuits, is a waste of this Court's time and resources.  The Court should grant Defendants' motion and dismiss Plaintiffs' Complaint, in its entirety, with prejudice.

## II.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While the allegations of the complaint are generally accepted as true, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] Plaintiff's obligation to provide 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal quotation and citation omitted). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III.

## PLAINTIFFS' CLAIMS ARE BARRED BY *RES JUDICATA* AND/OR COLLATERAL ESTOPPEL

*Res judicata* bars all 13 causes of action in Plaintiffs' Complaint. Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the re-litigation of claims which were *or could have been* raised in a prior action. *Rivet v. Regions Bank*, 522 U.S. 470, 477 (1998); *Lea v. Republic Airlines, Inc.*, 903 F.2d 624, 634 (9th Cir. 1990). "A plaintiff need not bring every possible claim. But where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012).

*Res judicata*, or claim preclusion, bars a later suit where the previous suit: (1) involved the same "claim" or "cause of action" as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies. *Nordhorn*

-3-

1  *v. Ladish Co.*, 9 F.3d 1402, 1404 (9th Cir. 1993).  "Under collateral estoppel, once a
2  court has decided an issue of fact or law necessary to its judgment, that decision
3  may preclude relitigation of the issue in a suit on a different cause of action
4  involving a party to the first case."  *Dodd v. Hood River County*, 59 F.3d 852, 863
5  (9th Cir. 1995).  Similar to *res judicata*, collateral estoppel applies only where the
6  previous suit involved the same parties and ended with a final judgment on the
7  merits.  To invoke collateral estoppel, however, a party must also establish that the
8  issue necessarily decided at the previous proceeding is identical to the one which is
9  sought to be relitigated.  *See Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996).

10      Here, approaching *res judicata's* elements in reverse order, both actions
11  involved the same parties as Plaintiffs again bring their action against Wells Fargo
12  and Bank of America, as well as against First American Trustee Servicing Solutions,
13  LLC ("First American").

14      This Court also reached a final judgment on the merits in the Prior Action.
15  "[A] dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the
16  merits' to which res judicata applies."  *Stewart v. US Bancorp*, 297 F. 3d 953, 957
17  (9th Cir. 2002); *see also* Fed.R.Civ. P. 41(b).  Judge Burns granted Defendants'
18  Rule 12(b)(6) motion in the Prior Action on February 12, 2012, dismissing
19  Plaintiffs' SAC with prejudice.  *See* ECF 94.  Moreover, Bank of America prevailed
20  at an UD jury trial in September 2011 where the jury determined the foreclosure sale
21  was lawfully conducted and title had been perfected in Bank of America.  RJN,
22  Exhs. A, B.

23      *Res judicata's* final element is also satisfied.  The following factors are
24  considered when determining whether successive lawsuits involve the same "cause
25  of action":

26      (1) whether rights or interests established in the prior judgment would
        be destroyed or impaired by the prosecution of the second action;

27      (2) whether substantially the same evidence is presented in the two
28      actions;

-4-

(3) whether the two actions involve infringement of the same right; and

(4) whether the two actions arise out of the same transactional nucleus of facts.

*Littlejohn v. United States*, 321 F.3d 915, 920 (2003); *see Aquino v. California Reconveyance Company*,  2014 WL 5494446, *3 (N.D. Cal. Oct. 30, 2014) ("The fourth factor is by far the most important, to the point that the Ninth Circuit has repeatedly described it as 'outcome determinative.'").

Where the foregoing factors have been demonstrated and a federal court has issued a final judgment, a plaintiff may not subsequently bring a lawsuit in state court alleging claims that derive from the same set of facts that gave rise to the prior federal lawsuit.  *See First Pac. Bancorp, Inc. v. Heifer*, 224 F.3d 1117, 1128-1129 (9th Cir. 2000).  In the case of a foreclosure resulting from a mortgage default, courts have barred subsequent challenges to a foreclosure sale when the borrower had the opportunity to challenge the sale in a prior proceeding.  *See e.g., Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525, 528 (9th Cir. 1998); *Springs v. First Nat'l Bank*, 835 F.2d 1293, 1295-1297 (9th Cir. 1988).

Moreover, courts have held that subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by a prior unlawful detainer judgment.  *Malkoskie v. Option One Mortg. Corp.*, 188 Cal. App. 4th 968, 974 (2010); *Campos-Riedel v. JP Morgan Chase*, 2013 WL 6070432, *5 (E.D. Cal. Nov. 13, 2013); *but see Castle v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 3626560, at *6 (C.D. Cal. Aug. 16, 2011).

Plaintiffs' first and second actions arise out of the same nucleus of facts. Lawsuits arise out of the same nucleus of facts where "they are related to the same set of facts" and "could conveniently be tried together."  *Turtle Island*, 673 F.3d at 918.  On August 18, 2010, Plaintiffs commenced the Prior Action alleging Defendants: "illegally converted plaintiffs [sic] note and the other securities into unregistered securities" (SAC ¶ 228, 235); breached its "contract with HAMP" by

-5-

not offering Plaintiffs a loan modification (SAC ¶ 136); breached a "refinance contract" by not modifying Plaintiffs loan (SAC ¶ 129); violated TILA, HOEPA and RESPA (SAC ¶ 150-152, 258, 269, 378); engaged in unfair debt collection practices (SAC ¶ 295-310, 313); engaged in fraud regarding a loan modification (SAC ¶ 331-332); violated the California Commercial Code and California Bus. & Prof. Code ¶ 17200, was not in possession of the promissory note, failed to properly record and give notice of the Notice of Default in violation of Cal. Civ. Code § 2923.5, and generally did not comply with statutory requirements governing non-judicial foreclosures.  SAC ¶ 317-323, 364-371, 469-474.  Based on these allegations, Plaintiffs sought to quiet title to the Property.  SAC ¶ 469-475.

Plaintiffs' current 540-page,  267-paragraph Complaint alleges 13 causes of action, ranging from breach of the federal Home Affordable Modification Program ("HAMP") to violation of HBOR.  The claims in both actions, however, all derive from the same nucleus of facts concerning Plaintiffs' Loan and the foreclosure of the Property.  Plaintiffs now allege: their Loan was improperly securitized (Complaint ¶ 33-34, 123-124); several Wells Fargo employees misled Plaintiffs regarding a loan modification (Complaint ¶ 43, 115, 149); Wells Fargo and First American failed to comply with Section 2923.5 when recording the Notice of Default (Complaint ¶ 47); Defendants breached a HAMP contract by not offering Plaintiffs a permanent loan modification (Complaint ¶ 65, 168-171); Defendants breached a duty of care by breaching HAMP and a Servicer Participation Agreement ("SPA") with the federal government (Complaint ¶ 178-179, 190-191); Defendants engaged in "dual tracking" in 2009  and improperly collected late fees in violation of HBOR (Complaint ¶ 77, 258-261, 263-264); Defendants violated other foreclosure laws regarding the Assignment of the Deed of Trust (Complaint ¶ 89-90); and Defendants violated Section 17200 (Complaint ¶ 220-256).  And again, based on these various allegations, Plaintiffs seek to quiet title to the Property (Complaint ¶ 96-97) and cancel "all foreclosure documents" (Prayer), even though

-6-

Defendants no longer own the Property.[3]  In other words, Plaintiffs' current claims relate to the same mortgage loan transaction, the same foreclosure proceeding, and the same property as their previously adjudicated claims.  None of the conduct alleged in the current complaint occurred after the dismissal of Plaintiffs' Prior Action.

Plaintiffs' only justification for realleging their claims is that an alleged "expert witness" "discovered additional new evidence" in February 2014.  *See* Complaint ¶ 74.  Plaintiffs relied on an "expert" in their Prior Action as well.  *See* ECF 75-2, p. 9-10.  Neither of these experts saved, or can save, Plaintiffs' claims as they offer nothing more than flawed legal conclusions based on "information and belief."  The underlying facts behind Plaintiffs' claims were known to them in 2010 when they filed their Prior Action and the facts remain unchanged here.  Plaintiffs cannot continue to keep relitigating the same foreclosure of the Property every time they find a new "expert" who will take their money to tell them what they want to hear.  Enough is enough.

Because all three elements necessary for *res judicata* are satisfied, the doctrine applies and Plaintiffs should be precluded from asserting their current claims against Defendants.  Defendants therefore request that the Court grant their motion to dismiss with prejudice on *res judicata* grounds alone.

## IV.

## PLAINTIFFS' SECURITIZATION CLAIMS FAIL

In Plaintiffs' Prior Action, they alleged that the Loan was improperly securitized, alleging that the investors who purchased the Note "illegally converted plaintiffs [sic] note and the other securities into unregistered securities" in violation of 15 U.S.C. § 77.  SAC ¶ 228, 235.  After that claim failed in 2012, Plaintiffs

---

[3]  Plaintiffs contend that in 2012, the Property was sold to a third party (Rich Trust), who is not named in this lawsuit.  *See* Complaint ¶ 134, 207.

decided to try a different securitization theory, based on the recent ruling in *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013).  Complaint ¶ 39.  Not only was Plaintiffs' loan never securitized,[4] their new theory fails.

      *Glaski* held that under New York trust law, a transfer of a deed of trust in contravention of the trust documents is "void" and under California law "a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would void the assignment."  *Id.* at 1095.  Numerous courts have rejected this theory, finding instead that borrowers do *not* have standing to bring a challenge regarding the securitization of their mortgage or to a Pooling and Servicing Agreement: "[N]o courts have yet followed *Glaski* and *Glaski* is in a clear minority on the issue."  *Newman v. Bank of New York Mellon*, 2013 WL 5603316, at *3 n. 2 (E.D. Cal. Oct. 11, 2013) ("Until the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, this Court will continue to follow the majority rule."); *see also Yarpezeshkan v. Bank of Am., N.A.*, 2014 WL 3002410, at *4 (S.D. Cal. July 2, 2014) [Miller] ("Opting to apply the majority rule, the court declines to follow Glaski and finds that Plaintiffs lack standing to challenge the securitization of their Loans as they were not parties to the relevant agreements.") (collecting cases); *Haddad v. Bank of America*, 2014 U.S. Dist. LEXIS 2205, at *12 (S.D. Cal. Jan. 8, 2014) [Hayes] (finding the majority rule more persuasive than *Glaski*); *Rivac v. Ndex W. LLC*, 2013 WL 66627662, at *4 (N.D. Cal. Dec. 17, 2013) ("This court is persuaded by the majority position of courts within this district, which is that *Glaski* is unpersuasive, and that plaintiffs lack standing…").

      The majority of courts in California have also rejected *Glaski* and instead followed the rule in *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497

---

[4]    Wells Fargo sold the Loan to Bank of America in 2006, after which point Wells Fargo continued to service the Loan.  Unlike loans referenced in *Glaski*, Bank of America held the Loan – it was never placed in a trust or transferred to a "pool of investors."

(2013).  In *Jenkins*, the loan was originated and securitized into a trust which was organized under New York trust law.  *Id.* at 505, 511.  Like Glaski, Jenkins alleged that this transfer of the loan was void as it was not completed before the closing date of the trust in violation of the terms of the trust (a nearly identical claim to the one made by Plaintiffs here — *see* Complaint ¶ 34).  *Id.* at 511.  The Court of Appeals held that Jenkins lacked standing to challenge the validity of the assignment to a trust pool, even if it was in violation of the terms of the trust.  "As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, Jenkins lacks standing to enforce any agreements."  *Id.* at 515; *see also Mendoza v. JPMorgan Chase Bank, N.A.*, 228 Cal. App. 4th 1020 (Cal. Ct. App., July 22, 2014); *Keshtgar v. U.S. Bank, N.A.*, 226 Cal. App. 4th 1201 (Cal. Ct. App., June 9, 2014); *Yvanova v. New Century Mortg. Corp.* 226 Cal. App. 4th 495 (2014).  Likewise, Plaintiffs lack standing to maintain their securitization claims here.

## V.

## PLAINTIFFS' SPA AND HAMP CLAIMS FAIL

Plaintiffs also allege that Defendants were negligent for failing to comply with HAMP guidelines, including guidelines established by the SPA with the federal government.  *See* Complaint ¶ 178, 190-191.  The SPA is publicly-available agreement that the Federal National Mortgage Association entered into with some loan servicers, including Wells Fargo.  Borrowers, however, are neither direct nor third party beneficiaries of the SPA.  *See Pfeifer v. Countrywide Home Loans, Inc.* 211 Cal. App. 4th 1250, 1282, fn. 17 (2012) (holding that borrowers do not have standing to enforce violations of HAMP regulations because they are neither direct beneficiaries, nor third party beneficiaries, of the underlying agreements).  Thus, "numerous courts have determined that individual borrowers do not have standing to sue under a HAMP SPA because they are not intended third-party beneficiaries of the SPA."  *Castillo v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 145487, at *20

1  (S.D. Cal. Oct. 9, 2012) [Gonzalez].

2        In fact, courts throughout the Ninth Circuit have universally held that: (1)

3  borrowers are not intended beneficiaries under the HAMP Agreement, and (2) a

4  servicer is not required to modify all loans.  In *Escobedo v. Countrywide Home*

5  *Loans, Inc*., 2009 WL 4981618, *1 (S.D. Cal. Dec. 15, 2009) [Moskowitz], the court

6  ruled that "[t]he [HAMP] Agreement does not state that [the servicer] must modify

7  all mortgages that meet the eligibility requirements.  Qualified borrowers are

8  incidental beneficiaries of the Agreement and do not have enforceable rights under

9  the contract."  *See also Villa v. Wells Fargo Bank, N.A*., 2010 WL 935680 at *2

10  (S.D. Cal., Mar. 15, 2010) [Sabraw] (dismissing breach of contract claims because

11  borrowers "are not intended beneficiaries of the HAMP agreement"); *Lucero v.*

12  *Countrywide Bank N.A*., 2010 WL 1880649 at *4 (S.D. Cal., May 10, 2010)

13  [Moskowitz]; *Simmons v. Countrywide Home Loans, Inc*., 2010 WL 2635220 at *5

14  (S.D. Cal., June 29, 2010) [Houston].  Similarly here, Plaintiffs' failure to qualify

15  for a HAMP loan modification does not give them standing to pursue claims under

16  those agreements and programs.

## VI.

### EACH OF PLAINTIFFS' CLAIMS FAILS AS A MATTER OF LAW

**A.**   **Plaintiffs' Quiet Title, Wrongful Foreclosure and Cancellation of Instruments Claims Fail.**

21        As discussed above, Plaintiffs' first cause of action for quiet title, third cause

22  of action for wrongful foreclosure and fourth cause of action for cancellation of

23  instruments claims are barred because Plaintiffs have litigated these claims before –

24  twice – and lost.  Not only did Judge Burns dismiss Plaintiffs' prior quiet title and

25  wrongful foreclosure claims, Plaintiffs lost on the issue of title in Bank of America's

26  UD action, where a jury returned a special verdict form that stated the Property was

27  sold in accordance with Civil Code § 2924 and that title under the sale was duly

28  perfected in Bank of America pursuant to a trustee's deed upon sale.  *See* RJN,

Exhs. A, B.  As the issue of title has already been litigated in Bank of America's favor, Plaintiffs' claims fail.

Moreover, any challenge to the judgment in the UD action is barred by the *Rooker-Feldman* doctrine.  Under that doctrine, federal courts lack jurisdiction to review the propriety of state court rulings, including the issuance of a judgment in connection with a state court unlawful detainer proceeding.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine bars "cases brought by state-court loser complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments"); *Drawsans v. F.F. Props., L.L.P.*, 866 F.Supp.2d 1110, 1123 (N.D. Cal. 2011) (attempt to challenge adverse ruling in UD proceeding is barred under *Rooker-Feldman* doctrine); *Reusser v. Wachovia Bank, N.A.*, 2006 WL 2334844 at *2-3 (D. Or. Aug. 10, 2006) (claims challenging validity of state court foreclosure and eviction judgments barred by *Rooker-Feldman* doctrine).  Plaintiffs had the opportunity to appeal the UD action.  That appeal was dismissed and a remittitur was issued.  RJN, Exh. B.  Plaintiffs cannot try to appeal the judgment again here.

Further, as detailed above, Plaintiffs' securitization theory, which underlies their wrongful foreclosure claim, fails.  *See* Complaint ¶ 123.  Not only was Plaintiffs' Loan not securitized, they have no standing to challenge the alleged transfer of the Loan into a securitized trust and their reliance on *Glaski* is misplaced.  *See e.g., Newman*, 2013 WL 5603316, at *3 n. 2.

Plaintiffs' attempt to quiet title and to set aside the trustee's sale also fails because Plaintiffs fail to join all necessary parties.  "The object of [a quiet title action] is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to." *Western Aggregates, Inc. v. County of Yuba*, 101 Cal. App. 4th 278, 305 (2002).  The quiet title statute requires Plaintiffs to name as

defendants all persons having adverse claims to the property that are of record or who are known to him.  Code Civ. Proc., §§ 762.010; 762.020; 762.060, subd. (b).  Plaintiffs admit that Defendants no longer own the Property.  It was sold to Rich Trust in 2012 (*see* Complaint ¶ 134), yet Plaintiffs fail to name Rich Trust in their Complaint.  Because the Court cannot affect Rich Trust's rights to the Property without it having a chance to defend itself in this action, Plaintiffs' claims must be dismissed.

Plaintiffs' Section 2923.5 claim also fails.  *See* Complaint ¶ 141.  A Notice of Default was recorded (*see* ECF 23-4) and as the Property was sold prior to HBOR being enacted in 2013, Plaintiffs have no remedy for an alleged Section 2923.5 violation.  In 2010, the California Court of Appeal held that the only remedy for violation of that section (assuming one occurred, which it did not) "is a simple postponement of the foreclosure sale, nothing more."  *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010).  Here, the sale has occurred.  In fact, Plaintiffs acknowledge the Property has been sold to a third party.  Complaint ¶ 134.  In passing Section 2923.5, the "Legislature did nothing to affect the rule regarding foreclosures as final."  *Id.* at 215.  Without a remedy, Plaintiffs' 2923.5 claim fails.

Finally, Plaintiffs' quiet title, wrongful foreclosure and cancellation claims also fail because Plaintiffs failed to tender.  Plaintiffs maintain that they are "not required to tender the full amount of the indebtedness."  Complaint ¶ 98.  To the contrary, Plaintiffs cannot bring ***any*** claim challenging the trustee's sale without first tendering the amount of their indebtedness.  *See Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974) (a borrower cannot "quiet title without discharging his debt.  The cloud upon his title persists until the debt is paid."); *Ricon v. Recontrust Co.*, 2009 WL 2407396, *6 (S.D. Cal. Aug. 4, 2009) [Gonzalez] ("In order to allege a claim to quiet title, Plaintiffs must allege tender or offer of tender of the amounts borrowed."); *United States Cold Storage of California v. Great Western Savings And Loan Assoc.*, 165 Cal. App. 3d 1214, 1222, 1225 (1985) ("the law is long-

established that" a plaintiff "must tender the obligation in full as a prerequisite to challenge of the foreclosure sale").  A tender must be one of full performance, must be unconditional, in good faith and the party must have the ability to perform.  Civ. Code §§ 1486, 1493-95; *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984).  "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction."  *Gaffney v. Downey Savings & Loan Assn.*, 200 Cal. App. 3d 1154, 1165 (1988).  The debtor bears responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect."  *Id.*

Here, Plaintiffs are seeking a windfall – i.e., title to the Property, free and clear of any encumbrances, even though Plaintiffs admit the Property was sold and they have not lived there for over two years.  The law does not countenance such a result.  Plaintiffs' quiet title, wrongful foreclosure and cancellation of instruments claims fail and should be dismissed with prejudice.

**B.**   **Plaintiffs' Fraud Claims Fail.**

Plaintiffs' second cause of action for fraud  and their tenth cause of action for negligent misrepresentation fail as they are nearly identical to the claims in Plaintiffs' Prior Action where they alleged Wells Fargo employees misled Plaintiffs into believing they would be approved for a permanent loan modification.  *Compare* SAC ¶ 331-332, Complaint ¶ 115, 210-217.  Accordingly, Plaintiffs' claims are barred by *res judicata* and/or collateral estoppel.

Plaintiffs' fraud claims are also time-barred.  The statute of limitations on a fraud or negligent misrepresentation claim is three years.  Code Civ. Proc. § 338.  Because the basis of Plaintiffs' fraud claims is alleged misrepresentations that occurred prior to June 2010 when Plaintiffs learned that they would not receive a HAMP modification (*see* Complaint ¶ 217), and they did not file their Complaint

-13-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION TO DISMISS

1  until November 2014, Plaintiffs' fraud claims are barred and should be dismissed

2  with prejudice.

3      Finally, while Plaintiffs now include more names of Wells Fargo employees

4  than they did in their Prior Action, their fraud and negligent misrepresentation

5  claims are still insufficiently pled.  Plaintiffs have not, and cannot, allege the

6  requisite causation and damages to support a claim for fraud against Defendants.

7  The Property was sold at a properly noticed trustee's sale because Plaintiffs

8  defaulted on their Loan.  As all of their alleged damages stem from that sale, their

9  claims fail and should be dismissed with prejudice.

10  **C.**    **Plaintiffs' Promissory Estoppel and Breach of Contract Claims Fail.**

11      In Plaintiffs' fifth cause of action for promissory estoppel, sixth cause of

12  action for breach of contract "re: promissory note and deed of trust" and seventh

13  cause of action for breach of contract "re: HAMP TPP," Plaintiffs attempt yet again

14  to create a claim based on their belief that they were entitled to a permanent loan

15  modification.  Because Plaintiffs also alleged in their Prior Action that Defendants

16  breached the same HAMP "contract" by not permanently modifying their Loan (*see*

17  SAC ¶ 115, 135-141, 155, Exh. VIII), Plaintiffs' claims are barred.

18      Plaintiffs' claims are also time-barred.  Plaintiffs' promissory estoppel claim

19  relates to alleged oral promises made by Wells Fargo employees prior to the

20  trustee's sale in March 2011.  *See* Complaint ¶ 149-152.  The statute of limitations

21  for a breach of an oral contract is two years.  Code Civ. Proc. § 339.  Accordingly,

22  Plaintiffs' claim became time-barred after March 2013.

23      Plaintiffs' sixth and seventh causes of action are also time-barred.  The statute

24  of limitations for a breach of a written instrument is four years.  Code Civ. Proc. §

25  337.  Plaintiffs obtained their Loan in 2005 and allege that Defendants breached the

26  deed of trust by failing to properly apply Plaintiffs' payments.  *See* Complaint ¶ 164.

27  Plaintiffs, however, stopped making loan payments in 2009.  *See* ECF 23-4 (Notice

28  of Default).  Even using the January 15, 2010 HAMP agreement as a starting point

(*see* Complaint ¶ 168), Plaintiffs acknowledge they only made five payments toward that agreement (¶ 150), which means their payments stopped in June 2010, which is still more than four years before they filed their action in November 2014.

Finally, Plaintiffs' seventh cause of action is contradicted by the clear terms of the alleged HAMP agreement, allegedly attached to their complaint as Exhibit R (attached as Exh. VIII to their Prior Action – ECF 75-2), entitled the "Home Affordable Modification Trial Period Plan" (or "Trial Period Plan").[5]  First, it is clear from the language of the Trial Period Plan that it does not constitute a permanent modification agreement.  To the contrary, by signing the Trial Period Plan, Plaintiffs stated they understood "that the Plan is ***not*** a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed."  ECF 75-2 (§ 2(G)).  During the Trial Period Plan, Plaintiffs merely agreed to make three payments while Wells Fargo reviewed their Loan to determine if they qualified for a loan modification pursuant to HAMP.

Further, the Trial Period Plan did not constitute a waiver of the foreclosure action nor a cure of Plaintiffs' default.  ECF 75-2 (§ 2(B-E)).  Accordingly, when Plaintiffs failed to qualify for a loan modification, and failed to reinstate their Loan, Wells Fargo was within its rights under the agreement, and California law, to pursue foreclosure proceedings.  There was no breach.  Plaintiffs' promissory estoppel and breach of contract claims fail and should be dismissed with prejudice.

## D.     **Plaintiffs' Negligence Claims Fail.**

In Plaintiffs' eighth cause of action for negligence and ninth cause of action for negligence related to HAMP, Plaintiffs allege that Defendants breached a duty of

---

[5]     The referenced "Exhibit R" (¶ 169) is not actually attached to Plaintiffs' Complaint.

care when they allegedly securitized the Loan and failed to comply with federal laws and guidelines associated with their loan modification request under HAMP. Complaint ¶ 178, 182-206.  As addressed above, however, Plaintiffs' securitization theory is misplaced – the Loan was not securitized and Plaintiffs have no standing to challenge it even if it was.  *Newman*, 2013 WL 5603316, at *3 n. 2; *Yarpezeshkan*, 2014 WL 3002410, at *4.  And Plaintiffs have no standing to assert a claim under HAMP or the SPA as Plaintiffs were not parties to those agreements.  *Pfeifer,* 211 Cal. App. 4th at 1282, fn. 17; *Castillo*, 2012 U.S. Dist. LEXIS 145487, at *20.

Plaintiffs' negligence claims also fail because, as a matter of law, a lender does not owe a borrower a tort duty of care.  *Nymark v. Heart Federal Savs. & Loan Ass'n.*, 231 Cal. App. 3d 1089, 1095 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.").  More recently, in *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013), the borrowers, like Plaintiffs here, made vague allegations that the lender owed him a duty of care to "handle his loan 'in such a way to prevent foreclosure'" and to "determine modification approvals, explore and offer foreclosure alternatives."  The Court expressly rejected that argument and found that:

> [A] loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.…  If the modification was necessary due to the borrower's inability to repay the loan, the borrower's harm, suffered from denial of a loan modification, would not be closely connected to the lender's conduct.  If the lender did not place the borrower in a position creating a need for a loan modification, then no moral blame would be attached to the lender's conduct.

*Id.* at p. 67.  Here, Plaintiffs "desperately needed the loan modification."  Complaint ¶ 44. Defendants are not liable for negligence where they reviewed Plaintiffs for a modification, postponed the trustee's sale during that review and then waited nine months to go to sale after informing Plaintiffs they did not qualify for a

1  modification.  Plaintiffs' negligence claims fail and should be dismissed with

2  prejudice.

3  **E.**     **Plaintiffs' HBOR Claims Fail.**

4        In Plaintiffs' twelfth and thirteenth causes of action for violation of HBOR,

5  they allege that Defendants engaged in dual tracking and improperly collected late

6  fees ("in the amount of $xxxx" [sic]) in violation of certain California statutes.

7  Complaint ¶ 258, 264.  Those statutes, however, did not go into effect until January

8  1, 2013 and courts have consistently held that HBOR's protections are not

9  retroactive.  *See Mcgough v. Wells Fargo Bank, N.A.*, 2012 WL 5199411, at *5 n.4

10  (N.D. Cal. 2012) ("there is no indication that the law is intended to be, or will be,

11  applied retroactively."); *Moran v. GMAC Mortg., LLC*, 2014 WL 2768871, at *10

12  (N.D. Cal. June 18, 2014) (collecting cases).

13        Moreover, Plaintiffs' vague HBOR claims are undermined by their own

14  allegations.  Plaintiffs acknowledge that they learned they did not qualify for a

15  permanent loan modification in June 2010 (Complaint ¶ 217), yet the trustee's sale

16  did not take place until March 2011.  Even though HBOR was not in effect at the

17  time, Plaintiffs still enjoyed a similar benefit – i.e., postponement of the sale for nine

18  months.  Plaintiffs' HBOR claims fail and should be dismissed with prejudice.

19  **F.**     **Plaintiffs' Business & Professions Code Section 17200 Claim Fails.**

20        Plaintiffs base their eleventh cause of action for violation of section 17200 on

21  all of Defendants' alleged "acts and practices alleged herein."  *See* Complaint ¶ 229.

22  Plaintiffs' section 17200 claim fails for the same reasons their other causes of action

23  fail.  *See Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994); *Ingels v.*

24  *Westwood One Broadcasting Services, Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).

25        Moreover, under the UCL's statute of limitations provision, "[a]ny action to

26  enforce any cause of action pursuant to [the UCL] shall be commenced within four

27  years after the cause of action accrued."  Cal. Bus. & Prof. Code § 17208.  As all of

28  the alleged "acts and practices" occurred prior to Plaintiffs learning they did not

qualify for a HAMP loan modification in June 2010, their November 2014 action is time-barred.  Accordingly, Plaintiffs' eleventh cause of action fails and should be dismissed with prejudice.

## VII.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion and dismiss, with prejudice, Plaintiffs' Complaint in its entirety.

Dated:  January 7, 2015          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                     */s/ Mark G. Rackers*
                    EDWARD D. VOGEL
                evogel@sheppardmullin.com
                    MARK G. RACKERS
               mrackers@sheppardmullin.com

                  Attorneys for Defendants
             WELLS FARGO BANK, N.A. (sued
          individually and as WELLS FARGO HOME
          MORTGAGE) and BANK OF AMERICA, N.A.

-18-